UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESUS BARRIOS-FERNANDEZ,

        Plaintiff,

vs.   Case No. 2:05-cv-189-FtM-29SPC

UNITED STATES OF AMERICA,

        Defendant.
_____

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter comes before the Court upon initial review of the file. Plaintiff, who currently is in federal custody on criminal case no. 2:04-cr-14-FtM-29SPC and is being detained at the Lee County Jail, filed a *pro se* civil rights complaint form pursuant to 42 U.S.C. §1983 on May 2, 2005 (the "Complaint," Doc. #1). Plaintiff complains that he is being subjected to cruel and unusual punishment by "being locked down in a 4" x 4" cell . . . going a week at a time without a shower or exercise, and [is given] small portions of meals." Complaint, Section VI. Additionally, in his Statement of Facts, Plaintiff allege that he sustained "bodily" and "mental harm" from an "attack by other inmates." Complaint, Section VII, page 8. Plaintiff seeks as relief "to be transferred by the U.S. Marshal to a different in custody facility . . . [or] to be ROR from the state and county holding facility." Complaint, Section VIII, page 10.

The allegations in Plaintiff's Complaint relate to prison conditions since his detainment in the Lee County Jail. On April

26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

> (a) Applicability of administrative remedies. **No action shall be brought** with respect to prison conditions under section 1983 of this title, or any other Federal law, **by a prisoner confined in any jail**, prison, or other correctional facility **until such administrative remedies as are available are exhausted.**

42 U.S.C. § 1997e(a)(emphasis added).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998). The Court should enforce this requirement sua sponte. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998). Moreover, in Porter v. Nussle, 534 U.S. 516 (2002), the Court made clear that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they involve excessive force or some other wrong doing. See also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of whether the relief offered through the administrative procedures is available). In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were

available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326); Brown v. Sikes, 212 F.3d 1205, 1208 (11th Cir. 2000).

Here Plaintiff admits that he did not file any grievances with respect to his claim[1]. Complaint, Section III, ¶B, page 4. Instead Plaintiff states that he "explained the situation at hand to [his] attorney." Id. ¶D. Thus, because exhaustion is a **precondition** to suit and because the administrative grievance procedures are important for effectively determining how the facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to pursue the administrative grievance procedures available to him.

Moreover the relief Plaintiff seeks in not available in a §1983 action. Plaintiff has no constitutional right to be housed at the institution of his choice. Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989). The Court notes that Plaintiff is represented by counsel in his underlying criminal matter. Plaintiff may want to discuss with his counsel whether he may obtain the relief he seeks through an appropriate motion filed in his criminal action.

Accordingly, it is now

---

[1] Plaintiff does attach to his Complaint a copy of an "Inmate Request" form dated 4/15/05 that he filed with the Lee County Jail's medical department. The form concerns Plaintiff's request for eyeglasses that apparently were denied by the U.S. Marshal.

**ORDERED:**

1.  This case is **DISMISSED WITHOUT PREJUDICE.**

2.  The Clerk of the Court shall: (1) enter judgment dismissing this case without prejudice; (2) terminate any pending motions; and, (3) shall close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __6th__ day of May, 2005.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

SA: hmk
Copies:   All Parties of Record
          U.S. Marshal